Good morning your honors and may it please the court Doug Keller on behalf of Mr. Massa. Since Mr. Massa filed his reply brief I think this case has become substantially less complicated and that's because of this court's recent decision in United States v. Galan. In Galan this court agreed with the contention that Mr. Massa had been making in this briefing in this case that a district court reversibly errs when it makes a total loss of loss that occurred before the defendant's conduct. Here there's no dispute that the district court failed to segregate out this pre-conduct loss. So this is the case filed November 4th 2015? That's right your honor. And it's a three-judge panel that basically says because it didn't de-aggregate that they vacated and remanded for the court to do that? That's right your honor. But the trafficking in the images and I understand from your briefs you're trying to draw the line at a different spot and Paroline seems to be contrary to that. Paroline says you look at the general you have to disaggregate it doesn't say that but I think Galan correctly interpreted it as saying you have to disaggregate between the initial abuse and the trafficking in images and that said the trafficking in images all of the the losses associated with that are general losses and then the district court's obligation is to determine an individual defendant's appropriate portion of the general losses using that term general losses. So I didn't see so so Paroline seems to be contrary to your argument that you have to look only at general losses after the date that the defendant first trafficked in the images. I didn't see that at all in Paroline. Well at the end of the day what Paroline is attempting to do is to figure out what portion of the total loss could approximately be caused by the defendant's conduct. But it's not it says in this I mean that that's what the Ninth Circuit precedent said before Paroline. So under Paroline the court says in this special context we use a different approach and the approach is that you look at all of the general losses sort of like I'm an old environmental lawyer so I understand circle of liability you look at all of the losses the whole pool of contaminated stuff and then the district court uses some basis for apportioning it among all of the perpetrators and then the Supreme Court gives a list of what those factors rough factors might be but says the district court can do it. But your honor I think at the end of the day the the touchstone under Paroline is what loss the defendant could approximately cause. So just that's not what the court says I mean that's that's the reason the district court threw up its hands probably. It says in this special circumstance in this special context and it gives a different a different test it's impossible to trace a particular amount of those losses to the individual defendant. So the district court should order restitution in an amount that comports with the defendant's relative role in the causal processes that underlies the victim's general loss and it rejects the proximate cause analysis that the Ninth Circuit had previously adopted. It did but it's still ultimately adopted. It agreed that a proximate cause analysis applied it is sort of provided. In a special context it's some sort of apportionment formula. Right I think at the end of the day when you're trying to determine the defendant's causal role in the process it doesn't make sense to include loss that he couldn't have possibly caused because it occurred before he was ever involved. But it's not this is I I don't know if Paroline really even helped very much because it's just this is really almost an impossible process but it says it can be done. But here you've got 8,000 for some the the the victims that had many more images and then SpongeBob was only 1,000 so that would indicate to me on some level that the district court and SpongeBob was it am I saying that right? I think it's SpongeB. Sponge yeah well but that was a thousand and there were far less oh Andy SpongeB I'm sorry for let's see but with the defendants had been found to to possess images of Andy SpongeB. Four had been ordered to pay restitution in the amounts ranging from 1,000 to 1,200 and Massa possessed two images of Andy SpongeB and then but regarding Amy there were 73 images so regarding Cindy there were 91 and regarding Angela there were 85. So there is some apportionment that's going on there. There well there is some I mean I don't know how you could get an exact number. Paroline says it can be done and give some guidelines and there are certain things that the court does the court goes through and says how many images what you know what each of the victims alleges to be their damages how much they've collected and I mean the best is maybe I don't know I can't tell the 8,000 what's different between 8,000 but clearly just on its face there's a lot less images of SpongeB. That's right Erin sort of like jump I think to the first issue the lack of explanation issue I think the problem is we have a series of foundational factual findings and then we have this 8,000 number and we don't have the courts reasoning for how those foundational factual findings led it to the bottom. There is a little bit there it says what was the overall loss you know what did the people allege that their damages were and how much they have collected so there is something that goes on it just doesn't seem that there can ever be a perfect you know it's it's not it this is not ever going to be easy but Paroline says it can be done. Sure but the end of the day we need to know what the district court thought was important what he didn't think was important what he weighed and he identified the factors he's required by Paroline to identify what he doesn't do is try to construct a formula but Paroline doesn't require a formula. I was you can say we don't know what he considered important he identified what he considered important. Well a few things your honor I mean he he identified these these facts that he thought were important but then didn't sort of provide why he thought this factor was important as opposed to this factor he obviously considered the number of images to be quite important but at the same time he didn't address the fact that there were duplicate images and if I could take sort of it I think it's not unlike an award for for emotional distress things are argued to the jury and somehow the jury comes back with a response it's been termed a holistic approach and I'm not sure that anybody's capable of doing anything more than that but this particular question so I guess I disagree and we provided some examples in our brief of district courts who had sort of provided I think that missing middle step I think the district court need to do here but I think at the end of the day certainly one of the most important things to consider is the total loss and so setting aside with the district court aired and determine that total loss he found total loss for one of the victims who he award $8,000 he found total loss of $300,000 for another victim he found nine million dollars in total loss it's it's inexplicable how you could award $8,000 restitution to those two victims who are not similarly situated obviously different victims are going to be harmed in different ways from this conduct if he thinks the images is the most important thing because the images are similar as to those three that he goes with 8,000 well we're of images well sponge B is only two well two things one I think the the images is I think not a super helpful factor here because of the duplicates but but setting that aside at the end of the day if we're attempting in some very rough reasonable way but you know if there were you know I mean 85 seems worse than two or whatever sure but at the end of day if we're attempting to determine my clients they lost he proximately cause even sort of in a rough way it doesn't make sense to me that if one victim was harmed you know $300,000 worth it based on this pool of potential viewers and someone else was harmed really nine million dollars how my client could have possibly caused the same amount of loss if you just look at Angela for instance she's the one who had a total loss termination of 300,000 the district court also found that you come up with some numbers that were like dollars and cents that were what we ended up doing is following the Sixth Circuit approach and taking the total loss figure and dividing it by a thousand well how's that more how's that better judgment then so for instance with with Angela for instance her total loss figure was 300,000 the district court also found that 500 defendants had been found to possess her images I think sort of a rough way to do this would be say look $300,000 divided by 500 defendants means each defendant had to pay about $600 towards that loss now you might say my clients rules more aggravated or less aggravated but I don't see how you can get from $600 to $1,000 based on this record and the court has no further questions I see my time is up okay thank you your honor good morning your honors may it please the court Helen Hong on behalf of the United States the district court did not abuse its discretion by following the mandates that the Supreme Court had set out in Paroline which is so proximate the damages that mr. Massey caused to the victims that were depicted in the child pornography that he possessed tell me what the $8,000 for each victim is based on your honor the district court identified the inputs it can say I understand it went through the factors and says here are all the factors $8,000 so just tell me what the line is from the factors for each of the victims and the $8,000 how was that determined your honor the defender the district court determined that $8,000 represented the defendants role in the causal process underlying the victims general law Caroline says you have to the the district courts know how to do this and they should determine an amount that comports with the defendants relative role so the district court didn't explain based on the inputs why $8,000 comported with the defendants relative role so what is the explanation can you provide that your honor it's implicit in the factors that the district court had identified and as your honors had recognized the district court obviously did weigh the number of images for each one how the factors that the district court looked at resulted in an $8,000 your honor I think information for example if you look at the award that was awarded to Andy the sponge be victim the court awarded $1,000 based on the fact that the defendant had what the court called an insignificant number of the district court identified the number of images that the defendant possessed to be different here he was saying per the number so your view is that the district court said it's $100 per image no your honor there was no identification of an amount per and even then wouldn't it differ amongst the the victims because even though it was a small number 85 91 73 it was different number they were different numbers your honor but looking at the district court and its discretion looked at the totality of circumstances and determine what the defendants relative role was so you can't how do you get 8,000 there's no way to get that you can't even come up with any way that you get an 8,000 number and that's when the Supreme Court's guidance makes is relevant here in Paroline the court said there's no mathematical formula there's no algorithm there's no equation that's required particularly when you look at the juxtaposition of the majority opinion in Paroline and compare it to what Justice Roberts was suggesting in his dissent you can see that what the district court did here is precisely what the Supreme Court majority envisioned what Justice Roberts said in his dissent was any number is going to seem arbitrary if you don't have a mathematical formula and what the majority has told us and what this proximate causation requirements require is that no no mathematical formula is going to get it back to my environmental law background I mean when you have a Superfund site you have multiple perpetrators and the district court says well I'll look at how nasty was the stuff you released how long were you dumping at that site what was the quantity of what you released and then they come up with something here that's what the the Supreme Court seems to be saying look at these factors and then come up with some way to fairly apportion the correct amount $8,000 just for each victim sounds more like the penalty they just said it's easy rule of thumb I'll just do $8,000 per victim and how can we get around that that that's not what the Supreme Court told the district courts to do had the district court simply said that $8,000 was reasonable as the defendant in the district court as the district court had done in Kennedy for example then I agree that the that there would be a problem here under Paroline but what the district court did here was tethered the amount to its discretionary estimation he state he stated the factors and then he just said $8,000 so he didn't tether it he just he went through the factors but then didn't have any tether between the factors and the amount he ultimately tethered it to though to the test that Paroline requires which is is this an amount that is that comports with the defendant's relative role in the causal process that underlies the victim's the rule that we should adopt would be so long as the district court says those words it can pull any number out of the air no your honor but I I don't think that that's what happened here and you can see that from the the difference in the awards that were provided for the restitution for sponge B and Angela Cindy and Amy the number of images the Angela Cindy and Amy that the defendant possessed of Angela Cindy and Amy were approximately the same what he called a significant number the number that sponge B was depicted in was just to what the wouldn't have been better if he had said something like okay Angela had more images and Angela also had to maybe she had to do more counseling so what affected her worse than someone else and then we look okay and then sponge B oh there were less and he didn't have to do as much counseling or and looking at how much had been collected so then maybe 8,000 for her and 1,000 for sponge B but then you go look at Amy and okay the images are similar but the other numbers aren't similar so I mean maybe if he had said 7,000 for one and 6,000 for another or something that it just it looks like there was an 8,000 on a bullseye and was and read the victim impact statements from Angela Cindy and Amy however the harm that each of them experienced is quite similar and the district court obviously read through all of these sealed materials you read through five different supplemental finally they're requested total losses because this is supposed to be an apportionment of loss the number of defendants who had already been past criminal defendants the amount of restitution they had already received was totally different that's true your honor so Amy Misty was the the district court said eight over eight million dollars and 192 defendants were ordered to pay 13 million dollars total so doesn't that mean that there should be no apportionment to the defendant since the victim has no right to double recovery and it's over the total I mean there's no analysis at all of these these factors well the district court identified the inputs and then ultimately using its estimation as Paroline required and its judgment and discretion as Paroline required determined that there were varying amounts that should be awarded to the four different victims that were depicted in the images and I think perhaps the context of the defendants own submissions weighed in favor of the district court really adhering to intellectual honesty here I can sort of paper over the explanation requirement by picking a number like 1,000 as a divisor but there's really no rational or reasoned basis for picking 1,000 as a divisor there's a district court need to though another thing that there were downloads before Massa did it and then there were downloads after does the district court at least need to acknowledge that no you're and I think this goes to judge Akuta's point at the beginning which is that Paroline does not require an aggregation of the harms when it is harms that are related to the ongoing traffic of the victims images so as judge Akuta alluded to Paroline discusses the overall phenomenon that caused the general losses it discusses the victims general loss that's in the trade in her images in apportioning the defendant's relative role in that you would have to consider the full general loss that the defendant suffered as a result of that one phenomenon what along with requires a disaggregation of the injuries or losses associated with the initial abuse from the losses associated with the traffic in her images Mr. Massa is part of little bit of an unrelated question are any of these victims ever actually getting any money I don't believe that they're collecting much your honor my understanding is that there are some defendants I am aware of some defendants that have paid and paid their to do so in this case I don't know if Mr. Massa has the means obviously that's not something considered under 2259 Amy's submission from the attorney suggests that she has not collected anything or much and Angela's submission suggests that Angela has not collected even from the initial abuser and that she had not collected from many of the individuals ordered to pay restitution either and I'll just note that 2259 precludes consideration of awards that were obtained from other sources or insurance in determining the restitution that should be ordered but the district court here attempted to adhere and did adhere to what Paroline requires the court did not know about Kalan to the extent that Kalan requires separation out of the initial abuse and injury do we have a problem here that the district court didn't know that so didn't try to do that your honor the defendant did raise that request per lo ER 43 in their motions they raised that specific aggregation request on appeal here however that aggregation argument was waived for Angela there's no aggregation mark argument that has been raised at all for Cindy it was an aggregation related to the time but at which mr. Massa started to possess Cindy's images which is 2012 it was going to go on happen after the briefs it did your honor it did your honor and so I would agree that if that the district court did not do the disaggregation required in Golan I'll just note that the disaggregation that's requested by mr. Massa and his 28 J letter is not what Golan requires and that's precisely the point to Dakota that you raised at the beginning which is a disaggregation of the losses that are associated with the ongoing losses that are associated with the overall phenomenon or the trade in images if the district or this panel were to remand it the United States would request that it would be remand consistent with Golan without any qualifiers that that mr. Massa has requested in his 28 J letter I see a run out of time unless the court has any questions the United States would submit you can have a whole minute okay thank you your honor just a couple of small points to tell him in response to your question about whether any of these victims had recovered I believe in this case the government represented that Amy had recovered 1.7 million dollars from various victims but I can't seem to find that citation but I think it's when they offered up how many defendants had been ordered to pay restitution regarding the lack of explanation I think my best sort of authority there is this court's case in Kennedy and I know Kennedy was a pre-paralyzed case and obviously paralyzing change a substantive proximate cause standard but at the same time at the end of Kennedy this court addressed what essentially was a procedural challenge and Kennedy involved Amy one of the victims here and the district court in Kennedy made some preliminary foundational findings like I did here in that case it founded a total loss figure Kennedy doesn't say how much but it was based on the same documentation provided in this case and then the district court in that case also made a finding about how many defendants had previously possessed images of the victim and then said a thousand dollars was quote a reasonable figure without sort of explain how it got from those foundational findings to its conclusion and this court said picking this reasonable number simply wasn't sufficient it needed to sort of explain its reasoning and that's what I'm asking the district court to do here and it didn't we thank you thank you counsel for your helpful arguments the case argued is submitted
judges: Clifton, Callahan, Ikuta